JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LEAH STERK

### DEFENDANTS
STEPHANIE M. COHEN, M.D., COHEN/WINTERS AESTHETIC & RECONSTRUCTIVE SURGERY, LLC and LAUREN MITTLEMAN, R.N.

(b) County of Residence of First Listed Plaintiff: Queens
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: BERGEN
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Friedman, Friedman, Chiaravalloti & Giannini
2 Rector Street, 21st Floor
New York, NY 10006    212-267-0380

Attorneys *(If Known)*
UNKNOWN AT THIS TIME

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 USC § 1332

Brief description of cause:
Medical Malpractice in nursing, medical & surgical & cosmetic care rendered to plaintiff.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE: 12/02/2017    SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

| | |
|---|---|
| LEAH STERK<br><br>*Plaintiff(s)*<br>v.<br>STEPHANIE M. COHEN, MD, COHEN/WINTERS AESTHETIC & RECONSTRUCTIVE SURGERY, LLC and LAUREN MITTLEMAN, RN<br><br>*Defendant(s)* | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* STEPHANIE M. COHEN, MD
COHEN/WINTERS AESTHETIC & RECONSTRUCTIVE SURGERY, LLC
LAUREN MITTLEMAN, RN
113 WEST ESSEX STREET, SUITE 202
MAYWOOD, NEW JERSEY  07607

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  FRIEDMAN, FRIEDMAN, CHIARAVALLOTI & GIANNINI
2 RECTOR STREET, SUITE 2103
NEW YORK, NY  10006
212-267-0380

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____12/22/2017_____         _____/s/   William T. Walsh_____
                                                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                     *Server's signature*

                                             _____
                                                  *Printed name and title*

                                             _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------------X   CIVIL ACTION
LEAH STERK,

        Plaintiff,   NO._____

  -vs-

STEPHANIE M. COHEN, M.D.,
COHEN/WINTERS AESTHETIC
& RECONSTRUCTIVE SURGERY, LLC
and LAUREN MITTLEMAN, R.N.,

        Defendants.
------------------------------------------------------------X

## PLAINTIFF'S CIVIL ACTION COMPLAINT

1. This is a medical malpractice action against STEPHANIE M. COHEN, M.D., COHEN/WINTERS AESTHETIC & RECONSTRUCTIVE SURGERY, LLC and LAUREN MITTLEMAN, R.N. for the negligent treatment rendered to the plaintiff, LEAH STERK, arising out of andrelated to the performance of a mastopexy on July 8, 2016, and the subsequent post operative period.

### JURISDICTION AND VENUE

2. This action is brought pursuant to 23 USC §1332, diversity of citizenship.

### PARTIES

3. Plaintiff, **LEAH STERK,** is an individual and a resident of the State of New York, residing at 2520 30th Road, Astoria, New York 11102.

4. That at all the times hereinafter mentioned, the defendant,

COHEN/WINTERS AESTHETIC & RECONSTRUCTIVE SURGERY, LLC., was and is a Limited Liability Corporation duly organized and existing under and by virtue of the laws of the State of New Jersey.

5. That at all the times hereinafter mentioned, the defendant, COHEN./WINTERS AESTHETIC & RECONSTRUCTIVE SURGERY, LLC., owned a medical facility known as COHEN./WINTERS AESTHETIC & RECONSTRUCTIVE SURGERY, LLC. located at 113 West Essex Street, Suite 202, Maywood, NJ 07607.

6. That at all the times hereinafter mentioned, the defendant, COHEN./WINTERS AESTHETIC & RECONSTRUCTIVE SURGERY, LLC., operated, maintained, managed and controlled the aforesaid medical facility.

7. That at all the times hereinafter mentioned, the defendant, COHEN./WINTERS AESTHETIC & RECONSTRUCTIVE SURGERY, LLC., held itself out to be duly qualified to render proper and adequate medical and surgical treatment to members of the general public and/or particularly to the plaintiff herein.

8. That at all the times hereinafter mentioned, the defendant, STEPHANIE M. COHEN, MD, was and is a physician duly licensed to practice medicine in the State of New Jersey during the period referred to herein.

8. That at all the times hereinafter mentioned, the defendant, LAUREN MITTLEMAN, RN, was and is a registered nurse, duly licensed to practice nursing in the State of New Jersey during the period referred to herein.

9. That at all the times hereinafter mentioned, the defendant, STEPHANIE M. COHEN, MD, was in the employ of, and/or staff of the defendant, COHEN./WINTERS AESTHETIC & RECONSTRUCTIVE SURGERY, LLC.

10. That at all the times hereinafter mentioned, the defendant, LAUREN MITTLEMAN, RN, was in the employ of, and/or staff of the defendant, COHEN./WINTERS AESTHETIC & RECONSTRUCTIVE SURGERY, LLC. (hereinafter "defendants").

## FACTS

11. That from on or about April 1, 2016, until on or about September 29, 2016, all of the defendants rendered medical, surgical and nursing care to the plaintiff.

12. That all of the defendants were negligent and guilty of malpractice in the nursing, medical, surgical and cosmetic care rendered to the plaintiff, in that they failed and omitted to render proper and adequate care, and did deviate from accepted standards in rendering such nursing, medical, hospital, surgical care to the plaintiff, as a result of which plaintiff suffered serious, painful and permanent injuries, and was caused to endure great pain and suffering.

13. That the defendants undertook to provide treatment and care to the plaintiff in accordance with the accepted standards of the care and treatment existing in the community; and in their care and treatment of plaintiff, to use approved methods in general use and to use reasonable care and skill and their best judgment in the care and

treatment of plaintiff.

14. That the defendants, their agents, servants and/or employees were negligent and guilty of malpractice in the nursing, medical, surgical and hospital care rendered to the plaintiff in that they failed and omitted to render proper and adequate nursing, medical, surgical, hospital care to the plaintiff in accordance with the accepted standards of nursing, medical, surgical and hospital care existing in the community; in that they rendered improper and harmful nursing, medical and surgical care and treatment; failed and omitted to exercise reasonable, proper and necessary care and caution in the treatment rendered; and that they were careless, reckless and negligent in other respects, the defendants departed from accepted medical practice.

15. On July 8, 2016, plaintiff underwent mastopexy surgery by defendant, STEPHANIE M. COHEN, MD.

16. As a consequence of the mastopexy surgery performed by defendant, STEPHANIE M. COHEN, MD, on July 8, 2016, plaintiff sustained a severe infection to her breasts, that was not timely diagnosed and treated. Additionally, the surgical approach used by defendant, COHEN, was a departure from the standard of care.

17. Plaintiff alerted defendant, MITTLEMAN, of her post operative signs and symptoms, all consistent with infection and defendant, MITTLEMAN, failed to timely assess, address, and alert defendant, COHEN, of plaintiff's signs and symptoms of infection.

18. The defendant, STEPHANIE M. COHEN, MD, is vicariously liable for the

acts and omissions of defendant, LAUREN MITTLEMAN, RN.

19. That as a result of the negligence and malpractice of the defendants, their agents, servants and/or employees as aforesaid, plaintiff sustained severe, serious and permanent personal injuries accompanied by pain and anguish and disfigurement.

SECOND CAUSE OF ACTION
LACK OF INFORMED CONSENT

20. The averments set forth at paragraphs 1 through 18, inclusive, are incorporated by reference as though set forth fully herein.

21. Defendants, their agents, servants and employees, failed to inform Plaintiff of the reasonably foreseeable risks and benefits of, and alternatives to, the treatment proposed and rendered, which would have been disclosed by reasonable medical practitioners in similar circumstances, in consequence of which Defendants failed to obtain an informed consent thereto.

22. A reasonably prudent person in the position of Plaintiff, LEAH STERK, would not have undergone the treatment and diagnosis rendered herein if she had been fully informed.

23 The lack of informed consent alleged herein is a proximate cause of the injuries, conditions and disabilities for which recovery is sought.

24 By reason of the above, Plaintiff, LEAH STERK, sustained great pain, agony, injury, suffering, disability, and hospitalization, as well as mental anguish and emotional distress.

25  By reason of the above, Plaintiff, LEAH STERK has sustained damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## RELIEF

**WHEREFORE,** plaintiff demands judgment against the defendants on all causes of action in an amount exceeding the jurisdictional limits of all lower Courts which may otherwise have jurisdiction.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury as to all issues.

## AFFIDAVIT OF MERIT

Attached hereto are the Affidavits of Merit of (1) Peter Neuman, MD and (2) Carmen Toca, RN.

Dated:   New York, New York
         December 22, 2017

Yours, etc.,

_____
MARIANGELA CHIARAVALLOTI -
ID#:  032711988
Friedman Friedman
Chiaravalloti & Giannini
Attorneys for Plaintiff
2 Rector Street, 21st Floor
New York, New York 10006
212-267-0380
Our File No. 16-1246

## AFFIDAVIT OF MERIT

STATE OF NEW JERSEY
COUNTY OF UNION

CARMEN TOCA, R.N., of full age, being duly sworn according to law, upon the oath, deposes and says:

1. I am a licensed registered nurse in the State of New Jersey..

2. I have been working in the field of nursing for at least five (5) years.

3. During the year immediately preceding the date of the occurrence that is the basis for the claim or action, I have devoted a majority of my professional time to the field of nursing.

4. I have no financial interest in the outcome of this case.

5. Based upon the records which I have reviewed and/or the facts of this matter, there is a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment of Leah Sterk by Stephanie Cohen, MD and Nurse Lauren (last name unknown) fell outside acceptable professional or occupational standards or treatment practices.

I HEREBY CERTIFY that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
CARMEN TOCA, R.N.

Sworn and subscribed before me on this
31st day of March, 2017

DIANA E. ROSALES DE CASTILLO
NOTARY PUBLIC OF NEW JERSEY
Comm. # 50039957
My Commission Expires 8/15/2021

## AFFIDAVIT OF MERIT

STATE OF NEW YORK
COUNTY OF NASSAU

      PETER R. NEUMANN, M.D., of full age, being duly sworn according to law, upon the oath, deposes and says:

1. I am a licensed physician in the State of New York.

2. I have been board certified and/or credentialed by a hospital for at least five (5) years in the field or specialty of Aesthetic and Reconstructive Plastic Surgery.

3. During the year immediately preceding the date of the occurrence that is the basis for the claim or action, I have devoted a majority of my professional time to the active practice of Aesthetic and Reconstructive Plastic Surgery.

4. I have no financial interest in the outcome of this case.

5. Based upon the records which I have reviewed and/or the facts of this matter, there is a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment of Leah Sterk by Stephanie Cohen, M.D, Aesthetic & Reconstructive Surgeons, LLC and Lauren Mittlemann, RN. fell outside acceptable professional or occupational standards or treatment practices.

      I HEREBY CERTIFY that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_/s/ Peter R. Neumann_
PETER R. NEUMANN, M.D.

_/s/ Susan P. Silvestri_

Sworn and subscribed before me on this

day of April, 2017

SUSAN P SILVESTRI
Notary Public, State of New York
No. 01SI6135193
Qualified in Suffolk County
Commission Expires Oct. 17, 20__

**NOTICE**

If any defendant contends that this Affidavit of Merit fails to completely satisfy the requirements of the Affidavit of Merit Statute and/or The New Jersey Medical Care Access and Responsibility and Patients First Act of 2004, N.J.S.A. 2A:53A-38 et seq. in any way, demand is hereby made that the defendant immediately notify the plaintiff of any such alleged deficiencies so that same may be corrected if necessary and within the time constraint of N.J.S.A. 2A:53A-26 et seq.